UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>CONNOR RILEY MOUCKA et al.,<br><br>  Defendants. | CASE NO. 2:24-cr-00180-LK<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE VICTIM NOTIFICATION |

This matter comes before the Court on the Government's motion to authorize alternative victim notification procedures pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"). Dkt. No. 24. The motion is not opposed, and for the reasons explained below, the Court grants it.

Mr. Moucka and Mr. Binns are charged with conspiracy, computer fraud and abuse, extortion in relation to computer fraud, wire fraud, and aggravated identity theft for their roles in international computer hacking and wire fraud schemes. Dkt. No. 1. The indictment alleges that they hacked into at least ten victim organizations' protected computer systems, stole billions of sensitive customer records, threatened to leak the stolen data unless the victims paid ransoms, and

ORDER GRANTING MOTION FOR ALTERNATIVE VICTIM NOTIFICATION - 1

offered to sell online the stolen data. *Id.* at 2. According to the Government, "[t]he investigation to date has further revealed that closer to 165 companies were likely compromised through this series of breaches, spanning major industries, including telecommunications, banking, and healthcare." Dkt. No. 24 at 3. It represents that "[t]he confirmed breaches resulted in terabytes of highly sensitive data belonging to over 100 million individuals being stolen by the defendants, including non-content call and text history records, banking and other financial information, payroll records, medical prescriber information, driver's license numbers, passport numbers, Social Security numbers, and other personally identifiable information." *Id.* As a result, there is a large number of victims in this case.

The CVRA affords crime victims several enumerated rights, including the right to "reasonable, accurate, and timely notice" of any public court proceedings. 18 U.S.C. § 3771(a)(2). The Court has an affirmative obligation to ensure that this enumerated right is afforded. *Id*. § 3771(b)(1). A crime victim is defined as one who is "directly and proximately harmed as a result of the commission of a Federal offense." *Id.* § 3771(e)(2)(A). Courts generally agree that victims' rights under the CVRA begin before a conviction, and that the status of "victim" may be based on allegations rather than proof. *See, e.g.*, *United States v. Bendawald*, No. 1:23-CR-00281-DCN, 2025 WL 711725, at *6 (D. Idaho Mar. 4, 2025). "In crimes with multiple victims, the CVRA allows district courts to fashion 'a reasonable procedure to give effect to [the act] that does not unduly complicate or prolong the proceedings.'" *Kenna v. U.S. Dist. Ct. for C.D.Cal.*, 435 F.3d 1011, 1014 n.1 (9th Cir. 2006) (quoting 18 U.S.C. § 3771(d)(2)).

The Ninth Circuit has not weighed in on what alternative notification procedures are "reasonable," but courts in this district and elsewhere routinely authorize using government websites to notify crime victims in cases with thousands of potential victims. *See* Dkt. No. 24 at 4 (collecting cases from this district, among others); *see also e.g.*, *United States v. Babich*, 301 F.

Supp. 3d 213, 216–18, (D. Mass. 2017) (alternative victim notification through FBI and U.S. Attorney's Office websites was reasonable under the CVRA where alleged RICO conspiracy potentially affected thousands of victims); *United States v. Saltsman*, No. 07-CR-641NGG, 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) (alternative victim notification through U.S. Attorney's Office website was reasonable under the CVRA where alleged securities fraud and money laundering scheme potentially affected thousands of victims).

Here, the Government proposes to notify victims "through the Justice Department's website for large cases, https://justice.gov/largecases, which will host a case-specific webpage for individuals who are victims or who believe that they may be victims." Dkt. No. 24 at 4. "The case-specific website will also contain the notices required under the Act and provide potential victims the opportunity to complete a victim impact statement to relay information about how they were victimized, thereby putting the United States in a better position to communicate directly and individually with potential victims." *Id.*

The Court agrees that the Government's proposal for alternative victim notification is a reasonable procedure that will both give effect to the CVRA's notice requirement and will not unduly complicate or prolong the proceedings. As other courts in this Circuit have found, cases involving millions of victims "make[] compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable" because "[n]either the Government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a)." *United States v. Bondarenko*, No. 2:17-CR-306-JCM-PAL, 2018 WL 1413972, at *2 (D. Nev. Mar. 21, 2018) (ordering notice through the Justice Department's website in case involving large-scale trafficking of compromised credit card data, counterfeit identification documents, and stolen identities affecting millions of victims).

For the reasons described above, the Court GRANTS the Government's motion. Dkt. No. 24. It is ORDERED that, pursuant to 18 U.S.C. § 3771(d)(2), the Government is authorized to provide the notifications required by 18 U.S.C. § 3771(a) via the procedures described above. The Government shall post a link on the Department of Justice's large case website, https://www.justice.gov/largecases/, which will direct potential victims to a webpage that contains case-specific notifications and information on how to submit victim impact statements.

Dated this 22nd day of July, 2025.

_Lauren King_
Lauren King
United States District Judge